UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS F. BURTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-1775-WTL-DKL |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Thomas F. Burton requests judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). The Court rules as follows.

### I. PROCEDURAL HISTORY

Burton filed his application for DIB alleging disability beginning in August 2009. His application was denied initially and upon reconsideration, whereupon he requested and was granted a hearing before an administrative law judge ("ALJ"). Burton originally appeared pro se before an ALJ in May 2011; that hearing was continued so that Burton could obtain counsel, which he did. On October 28, 2011, Burton and his counsel appeared before an ALJ for a hearing, at which a vocational expert also testified. In a decision dated October 28, 2011, the ALJ determined that Burton was not disabled under the terms of the Social Security Act ("the Act").

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration after this case was filed. She is therefore substituted as the Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

The Appeals Council denied Burton's request for review of the ALJ=s decision, and Burton filed this timely action for judicial review.

## II. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. ' 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent his from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. ' 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. ' 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. ' 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. ' 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. ' 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. ' 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be

upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Id.*

### III. THE ALJ'S DECISION

The ALJ found at step one that Burton had not engaged in substantial gainful activity since the alleged onset date of August 24, 2009. At steps two and three, the ALJ concluded that Burton had the severe impairments of disc degeneration of the lumbar spine, a history of left carpal tunnel syndrome, and a history of left thumb laceration, but that those impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ concluded that Burton

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: occasional climbing, stooping, kneeling, crouching and crawling; no climbing ladders, scaffolds or work at heights; and occasional fingering with the dominant (left) upper extremity.

Record at 21. Given this residual functional capacity ("RFC"), the ALJ concluded that Burton was unable to perform his past relevant work as a material handler, a stock cutter, or a sorter operator. The ALJ then determined that, considering his age, education, work experience, and

3

RFC, Burton was able to perform a significant number of jobs existing in the national economy, including a furniture rental consultant, a marker II, and a cashier. Therefore, the ALJ determined that Burton was not disabled as defined by the Act.

## IV. **DISCUSSION**

As Burton correctly points out, there is a fundamental flaw in the ALJ's decision. As the ALJ acknowledged, Burton has been treated since 2004 by pain specialist Michael Whitworth, who has prescribed a variety of potent medications to treat Burton's pain. Dr. Whitworth's primary diagnosis—repeated numerous times and noted by consultative examiner Dr. Nieters—is myofacial pain syndrome. The ALJ fails to acknowledge this diagnosis, as does the Commissioner in her brief. This error requires remand. The ALJ must consider all medical opinions. 20 C.F.R. ' 404.1527(b); Social Security Ruling 96-5p. Moreover, "although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (internal citations omitted). To do so renders the reviewing court unable to determine whether the ALJ's decision rests on substantial evidence. *Id.*

The ALJ's failure to recognize the diagnosis of myofacial pain syndrome taints her credibility determination, which appears—although it is certainly not explicitly articulated—to be based upon the lack of "MRIs, CT scans or other diagnostic techniques in the record that could more appropriately confirm the severity alleged" and the fact that Burton's "description of the debilitating nature of his condition is inconsistent." Record at 23. Because the ALJ did not acknowledge the myofacial pain syndrome diagnosis, the Court has no way of knowing whether she believed that these types of diagnostic techniques are necessary to make that diagnosis; there is certainly nothing in the medical evidence of record that suggests that is the case. Nor is there

4

anything in the medical evidence of record that suggests that Burton's fluctuating pain levels are inconsistent with his diagnosis.² Accordingly, further inquiry of Dr. Whitworth, or the testimony of a medical expert, likely will be appropriate on remand.

Burton also argues that the ALJ improperly rejected Dr. Whitworth's opinion when she determined that Burton could handle constantly with his left hand. The ALJ should reconsider this determination upon remand, giving due consideration to whether it is consistent with the diagnosis of myofacial pain syndrome and with the observations of Dr. Nieters regarding Burton's left hand.

Finally, Burton argues that the ALJ failed to comply with her affirmative duty pursuant to SSR 00-4p to ask the vocational expert whether his testimony conflicted with the Dictionary of Occupational Titles ("DOT") and to obtain an explanation for any apparent conflict. The Court agrees that this was error. The testimony characterized by the Commissioner as the vocational expert volunteering the necessary information is ambiguous at best and, in any event, there does appear to be a conflict between his testimony and the DOT. The ALJ shall correct this error on remand as well.

## V. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with the Court=s Entry.

---

²The Court notes that Burton testified that the pain levels he reported to Dr. Whitworth were "at the time that you're in his office, so it's not talking about the whole month in general, it's talking about the [INAUDIBLE] of the pill in the morning until I get there, or the afternoon until I get to his office . . . . That's what it's asking you." Record at 46. It is hardly surprising that someone who takes medication for pain relief might experience different levels of pain depending on how long ago he took his last dose.

SO ORDERED: 03/12/2014

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication